**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRISELIA ESPERANZA CORTEZ; M.B.O., | No. 24-2922 |
| Petitioners, | Agency Nos. A220-886-694 A220-886-695 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025[**]
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

Petitioners Griselia Esperanza Cortez and her minor child petition for review

of a decision by the Board of Immigration Appeals ("Board") affirming an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the history of the case, we need not recount it here.

Where, as here, the Board "agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the Board's legal conclusions de novo, and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (cleaned up). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended) (cleaned up).

1. Substantial evidence supports the denial of asylum and withholding of removal. First, the record does not compel the conclusion that Cortez established that her past harm rose to the level of persecution. She was therefore not entitled to a presumption that she had a well-founded fear of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060, 1065 (9th Cir. 2021). Cortez testified credibly that gang members threatened and extorted her, but she experienced no physical harm and the threats were not "combined with confrontation or other

2

mistreatment" such as "actions of violence against [Cortez, her] family or property," *Duran-Rodriguez*, 918 F.3d at 1028, or "relentless[] harass[ment]," *Baballah v. Ashcroft*, 367 F.3d 1067, 1071 (9th Cir. 2004).

Second, to the extent that she challenges it, substantial evidence supports the Board's determination that Cortez's subjective fear of persecution was not "objectively reasonable." A reasonable factfinder could conclude, as the Board did, that Cortez did not show that the harm she feared would be "on account of" a protected ground, such as "membership in a particular social group." *Duran-Rodriguez*, 918 F.3d at 1028 (stating the nexus requirement).

While Cortez testified that gang members said they targeted her for extortion because of her connection with her partner, and that she believed they knew he was sending her money from the United States, the evidence does not compel the conclusion that her familial relationship with her partner was or would be "one central reason" or "a reason" for the harm. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018–20, 1022 (9th Cir. 2023). Cortez testified that the same gang had routinely extorted her partner before he left for the United States, and she presented no evidence that the gang members who targeted her or her partner were motivated by any underlying "animus" against them. *Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021). Because the record indicates that the gang members' only

3

"motivation for threatening" Cortez and her son was "to extort money from a third person," *i.e.*, Cortez's partner, "the record does not compel finding that the persecutor[s] threatened [Cortez and her son] because of a protected characteristic such as family relation." *Rodriguez-Zuniga*, 69 F.4th at 1019. Failure to establish any nexus to a protected ground disposes of Cortez's asylum and withholding claims. *See id.* at 1019–20, 1022; *see also Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021).

2. Substantial evidence also supports the denial of CAT protection. Cortez points only to "[g]eneralized evidence of violence and crime," which "is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citing *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam)). *See also Garcia*, 988 F.3d at 1148 (holding that "a speculative fear of torture is insufficient to satisfy the 'more likely than not' standard" for CAT protection).

**PETITION DENIED.**